**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JOHN FRANK PICCOLO, III,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-12-CV-1116-SS-AWA** |
| | § | |
| **MIKE PEARCE, WARDEN,** | § | |
| **FCI BASTROP,** | § | |
| **Respondent.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

Before the Court is Petitioner John Frank Piccolo III's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. No. 1); Respondent Mike Pearce's Response to Petition (Dkt. No. 6); and Petitioner's Reply (Dkt. No. 7). The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. BACKGROUND

Petitioner John Frank Piccolo III ("Piccolo"), Reg. No. 13049-081, is a federal prisoner incarcerated in the Bureau of Prisons ("BOP") at FCI-Bastrop pursuant to a judgment and sentence in Criminal Case No. 2:05-CR-00283 in the United States District Court for the District of Wyoming. Piccolo is serving time after he pleaded guilty to the following: (1) conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C); (2) possession of unregistered firearms in violation of 26 U.S.C. §§ 5841, 5861(d), and

5871; and (3) carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(B)(i). *See* Dkt. No. 6, Declaration of Tiffany Phillips, Attachment 1 at 1. Piccolo was sentenced on June 21, 2006, to 171 months of imprisonment in total. *Id.* at 2. Including good-time credit, Piccolo's projected release date is April 25, 2014. *See* Dkt. No. 6, Declaration of Tiffany Phillips, ¶ 20 [hereinafter Phillips Decl.].

## II. GENERAL LEGAL STANDARD

Piccolo filed his habeas petition pro se. "'[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, pro se pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se pleadings to less stringent standards than formal pleadings drafted by lawyers); *United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997); *see Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (explaining liberal construction allows active interpretation of a pro se pleading to encompass any allegation which may raise a claim for federal relief). Nevertheless, pro se litigants are still required to provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).

"A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities'

determination of its duration, and must be filed in the same district where the prisoner is incarcerated. *Id.*

Federal prisoners must exhaust all available administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Exceptions to the exhaustion requirement arise when "available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Id.* These exceptions "apply only in extraordinary circumstances," and the petitioner bears the burden of establishing that administrative review would be futile in his case. *Id.*

The BOP, which administers the prison in which Piccolo is incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff by filing a BP-8 form. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the Warden using a BP-9 form. 28 C.F.R. § 542.14(a). If the prisoner is not satisfied with the Warden's response, he may appeal to the Regional Director using a BP-10 form. 28 C.F.R. § 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel using form BP-11. 28 C.F.R. § 542.15.

## III. ANALYSIS

This case concerns the BOP's Residential Drug Abuse Program ("RDAP"). Under 18 U.S.C. § 3621(b), "[t]he Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." In 1994, Congress sought to encourage participation in the program by providing a possibility of early release to those inmates convicted of a nonviolent offense who choose to engage in RDAP. 18 U.S.C. §

3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."). Following its enactment, the BOP adopted a regulation which categorically denied early release to any inmate convicted of an felony involving the carrying, possession, or use of a firearm. *See Lopez v. Davis*, 531 U.S. 230, 232–33 (2001). In *Lopez*, the Supreme Court found the regulation to be a permissible exercise of the BOP's discretion under 18 U.S.C. § 3621(e)(2)(B). *Id.* at 233. However, in 2008, the Ninth Circuit determined that the BOP's rules governing early release violated the Administrative Procedures Act by failing "to set forth a rationale for its decision to categorically exclude prisoners convicted of offenses involving the carrying, possession, or use of firearms from eligibility for a sentence reduction under § 3621(e)." *Arrington v. Daniels*, 516 F.3d 1106, 1114 (9th Cir. 2008). Thus, the BOP promulgated a new rule on March 16, 2009, providing a detailed rationale for categorically excluding prisoners convicted of felonies involving the carrying, possession, or use of firearms from consideration for early release. 28 C.F.R. § 550.55; *see also Handley v. Chapman*, 587 F.3d 273, 279–80 (5th Cir. 2009).

In the instant petition, Piccolo brings his claims under 28 U.S.C. § 2241. Broadly construed, he alleges that the BOP has improperly denied him early release under 18 U.S.C. § 3621(e) upon the completion of RDAP. Dkt. No. 1 at 1. Piccolo asserts that prior to his transfer to FCI-Bastrop, he was told that if he completed the RDAP, he would be eligible for early release. He notes that the Designation and Sentence Computation Center in Grand Prairie, Texas, also approved his eligibility for early release after his completion of RDAP. Following his transfer, however, Piccolo states that the RDAP Coordinator at FCI-Bastrop declared him ineligible for early release. Piccolo now seeks

relief from this Court, arguing that he is entitled to early release for his completion of RDAP in accordance with the BOP's previous determination. Dkt. No. 1 at 1.

A review of the record indicates that Piccolo has applied to participate in RDAP twice, once prior to the BOP's adoption of the 2009 rule and once afterwards. Phillips Decl. ¶¶ 11–13. Piccolo first applied for RDAP in 2008 while he was still housed in a BOP facility in the Ninth Circuit. On October 2, 2008, Piccolo was initially found to be ineligible for early release due to his convictions for possession of an unregistered firearm and carrying a firearm during a drug trafficking offense. *Id.* ¶ 11. Thereafter, for reasons that are unclear from the record, Piccolo was found eligible for early release, but he declined to participate in RDAP in January, 2011. *Id.* ¶ 12. Later in 2011, Piccolo made his second request to participate in RDAP. Unaware that Piccolo had declined to participate in RDAP in January, 2011, the BOP attorney found Piccolo to be eligible for early release because the *Arrington* decision applied to his 2008 RDAP application, as he was housed in a Ninth Circuit institution at the time and had requested to participate in RDAP prior to March 16, 2009. *Id.* ¶ 14. Another BOP staff member also informed Piccolo on January 9, 2012, that he was eligible for early release following his completion of RDAP. Dkt. No. 1, Exh. A. Piccolo was subsequently transferred to FCI-Bastrop and began the program. Following his transfer, a psychologist with the RDAP program in FCI-Bastrop discovered the error and informed the BOP attorney that Piccolo had declined to participate in RDAP in January, 2011. Phillips Decl. ¶ 15. The BOP then reassessed Piccolo's case based on his 2011 application for RDAP, concluding that Piccolo was not eligible for early release based on his current felony convictions involving carrying, possession, or usage of firearms. *Id.* ¶ 18.

Piccolo presents several arguments in support of his claim for habeas relief. First, he contends that the Ninth Circuit has recognized a settled expectation and "right to consideration" for

early release for inmates who "received official notification from the BOP that they were eligible to be considered for the early release incentive prior to the effective date of the amended regulations that disqualified them." *Id.* Essentially, Piccolo complains that the BOP has improperly applied new BOP rules adopted in 2009 to his case. Furthermore, Piccolo argues that the BOP's denial of his early release is a violation of his equal protection rights because he believes that similarly situated inmates in the Ninth Circuit are being treated differently than those in the Fifth Circuit. Piccolo further notes that he had no input in his transfer and that he was moved away from his family and friends in order to participate in RDAP. Respondent submits that Piccolo's equal protection rights are not violated because inmates are not treated differently in the Ninth Circuit than in the Fifth Circuit. Dkt. No. 6 at 6. In other words, Piccolo would have been ineligible for early release even if he remained incarcerated in the Ninth Circuit. Respondent also contends that Piccolo does not have a "settled expectation" that entitles him to early release. *Id.* at 8–9.

Because Piccolo has exhausted all his administrative remedies, the Court proceeds to considering the merits of Piccolo's claims. Dkt. No. 1 at 4–5; Dkt. No. 6 at 5. Although the Court is sympathetic to Piccolo's situation, after considering his claims and the relevant case law, the Court finds that his contentions are without merit for the reasons stated below.

**A. Whether the 2009 BOP rules were properly applied to Piccolo's case**

Piccolo argues that the BOP has violated the retroactivity doctrine by applying the 2009 BOP rules concerning early release consideration eligibility to his case. Although Piccolo recognizes that the BOP "has the authority to determine which inmates are eligible for discretionary early release," he asserts that the 2009 BOP rules do not apply to him because his "formal RDAP eligibility notification and early release eligibility notification occurred in the Ninth Circuit." Dkt. No. 1 at 2. Piccolo appears to believe that his case falls under the exception declared by the Ninth Circuit in

*Arrington* and as a result, he is eligible for early release consideration despite his felony convictions for the carrying, possession, or use of firearms. Unfortunately, Piccolo's belief that *Arrington* applies in his case is mistaken.

As explained previously, the Ninth Circuit in *Arrington* determined that the BOP's previous rule concerning early release violated the Administrative Procedures Act because it "failed to set forth a valid rationale for its categorical exclusion rule." *Arrington*, 516 F.3d at 1117. In response, the BOP adopted a new rule concerning early release on March 16, 2009, explaining that the BOP's categorical denial of early release consideration to inmates convicted of offenses involving the carrying, possession, or use of firearms is due to the "risk to the public" and the "potential for violence." Drug Abuse Treatment Program: Subpart Revision and Clarification and Eligibility of D.C. Code Felony Offenders for Early Release Consideration, 74 Fed. Reg. 1892, 1895 (Bureau of Prisons Jan. 14, 2009) (codified at 28 C.F.R. § 550.55(b)(5)(ii)). The Ninth Circuit recently considered the BOP's new rule and concluded that "[t]he defect identified in *Arrington* . . . has been cured . . . ." *Peck v. Thomas*, 697 F.3d 767, 772–73 (9th Cir. 2012). Thus, in the Ninth Circuit, inmates who applied to participate in RDAP *prior* to March 16, 2009, could be eligible for early release despite their felony convictions involving firearms. *See Alvarez v. Sanders*, SACV–10–1890, 2013 WL 511038 at *2 (C.D. Cal. Jan. 7, 2013). However, prisoners who applied for RDAP *after* March 16, 2009, the effective date of the 2009 version of the BOP's early release rule, are not entitled to the exception provided under *Arrington*. Phillips Decl. ¶ 17; *see also Yandell v. Thomas*, No. 3:11–CV–00970, 2012 WL 1253102 at *2 (D. Or. Apr. 11, 2012). Such prisoners are not eligible for early release consideration if their current offense is a felony involving the carrying, possession, or use of firearms.

In this case, Piccolo originally applied for RDAP in 2008. Because Piccolo's original application occurred *prior* to the BOP's adoption of the new early release rule, the exception declared in *Arrington* applied and the BOP found Piccolo eligible for early release consideration despite his convictions involving firearms. However, "[i]f an inmate withdraws from or is otherwise removed from RDAP, that inmate may lose incentives he/she previously achieved." 28 C.F.R. § 550.54(c). Here, Piccolo declined to participate in RDAP in January, 2011. Phillips Decl. ¶ 12, Attachment 9. In doing so, Piccolo invalidated his original RDAP request date and had to re-apply in order to participate in the program. Phillips Decl. ¶ 23. When Piccolo did so later in 2011, he could no longer claim the exception provided in *Arrington* because his re-application date was after March 16, 2009, the effective date of the new BOP early release rule.[1] *Id.* Piccolo may not rely on his original 2008 application for RDAP as he declined to participate in the program in January, 2011. Furthermore, although Piccolo suggests otherwise, where an inmate applied for RDAP is relevant only if the inmate applied for RDAP prior to March 16, 2009. Here, Piccolo's 2011 re-application for RDAP occurred after the BOP's adoption of the new rule. Therefore, it is immaterial that Piccolo received his notification for RDAP eligibility and early release eligibility in the Ninth Circuit.[2]

---

[1] In its brief, the BOP asserts that Piccolo would be ineligible for early release consideration even based on his 2008 RDAP application due to his conviction involving the possession of an unregistered firearm in violation of 26 U.S.C. § 5861. Dkt. No. 6 at 7, n.3. The Court need not address this issue because it has determined that Piccolo invalidated his 2008 RDAP application by declining to participate in the program in January, 2011. His subsequent application for RDAP occurred in 2011, which was after the effective date of the BOP's new rule concerning early release consideration. Thus, it is immaterial whether Piccolo would have been eligible for early release consideration based on his 2008 RDAP application because that application was invalidated.

[2] Piccolo's initial eligibility notification was based on his 2008 RDAP application. Consequently, Piccolo was found eligible for early release consideration upon completion of RDAP because (1) he was housed in a facility in the Ninth Circuit and (2) the *Arrington* decision applied to his 2008 RDAP application. Phillips Decl. ¶ 12. He appears to be basing his retroactivity argument on his 2008 RDAP application. Dkt. No. 1 at 1. As noted previously, however, by

Because the BOP based its determination on Piccolo's 2011 application, the BOP did not violate the retroactivity doctrine in finding Piccolo ineligible for early release consideration.

**B. Whether Piccolo has a "settled expectation" entitling him to early release**

Piccolo further argues that he is part of a narrow class of inmates that have a "settled expectation" and a "right to consideration" for early release—"those who received official notification from the BOP that they were eligible to be considered for the early release incentive prior to the effective date of amended regulations that disqualified them." Dkt. No. 1 at 1. He cites two decisions from the Ninth Circuit to support his argument, *Bowen v. Hood*, 202 F.3d 1211 (9th Cir. 2000), and *Cort v. Crabtree*, 113 F.3d 1081 (9th Cir. 1997). As additional support, Piccolo claims that BOP staff informed him multiple times, the last time on January 9, 2012, that he would be eligible for early release upon completion of RDAP. Dkt. No. 1 at 2.

In *Bowen*, the Ninth Circuit considered claims from two separate groups of inmates. The claims involved the adoption by the BOP of a change in its Early Release Qualifications Chapter of its Drug Abuse Manual as well as its issuance of a regulation in 1997. 202 F.3d at 1217. The manual change and the regulation explained that the BOP was exercising its discretion in denying early release to all inmates convicted of a felony where the offense involved the carrying, possession, or use of a firearm. *Id.* The first group of inmates had not been provisionally admitted to a substance abuse treatment program at the time the BOP adopted these changes. The second group of inmates had received provisional eligibility for early release following their completion of a substance abuse treatment program, but had not yet started their programs. *Id.* at 1216. After upholding the BOP's exercise of its discretion in denying early release to inmates who had been

---

declining to participate in RDAP in January, 2011, Piccolo invalidated his 2008 application. Phillips Decl. ¶ 23.

convicted of a felony involving the carrying, possession, or use of firearms, the Ninth Circuit denied habeas relief to the first group of inmates, who had not been approved for early release consideration prior to the BOP's adopted changes. *Id.* at 1222–23. It did, however, grant habeas relief to the second group of inmates, who had been approved for early release consideration before the changes, but had not yet started their programs. *Id.* With regard to the second group of prisoners, the Ninth Circuit found that the BOP improperly applied its rule changes to this group, violating the retroactivity doctrine as well as upsetting their settled expectations of early release consideration. *Id.* at 1222.

In *Cort*, the Ninth Circuit considered the claims of inmates initially determined to be eligible for early release consideration following their completion of a substance abuse treatment program. Before they completed the treatment program, however, the BOP changed its rules and informed the inmates that they were no longer eligible for early release. 113 F.3d at 1081–82. Due to the retroactivity doctrine, the Ninth Circuit held that the BOP's rule changes could not be applied to "prisoners already in the treatment program on the date of its adoption, much less to prisoners who have already been found eligible." *Id.* at 1086.

Piccolo's reliance on these cases is misplaced because his situation is distinguishable from the petitioners in both *Bowen* and *Cort*. On March 16, 2009, the effective date of the BOP's new rule, Piccolo had been approved for early release consideration based on his 2008 RDAP application but had not yet started the program. Therefore, unlike the petitioners in *Cort*, Piccolo was not participating in RDAP when the BOP adopted its new rule in 2009.[3] As for the petitioners in *Bowen*,

[3] Additionally, the Fifth Circuit has explicitly rejected the reasoning adopted by the Ninth Circuit in *Cort*. In *Royal v. Tombone*, 141 F.3d 596 (5th Cir. 1998), the Fifth Circuit found that the retroactive application of a change in the BOP's Program Statement to an inmate did not violate the Ex Post Facto clause because the inmate was never legitimately eligible for a sentence reduction as

the group of petitioners most analogous to Piccolo's situation is the second group of inmates, who had also received provisional approval to participate in the drug abuse treatment program but had not yet started the program. However, unlike the second group of petitioners in *Bowen*, Piccolo declined to participate in RDAP in January, 2011, thereby invalidating his 2008 RDAP application. Phillips Decl. ¶ 23. In this case, Piccolo's eligibility for early release consideration was based on his 2011 RDAP re-application, not his 2008 application.[4] As such, Piccolo cannot have a "settled expectation" or a "right to consideration" for early release because his 2011 re-application occurred after the effective date of the BOP's new rule governing early release consideration.

To the extent Piccolo contends that the BOP's administrative error and communication that he was eligible for early release consideration creates a "settled expectation" that entitles him to early release, his argument is unpersuasive. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Simply because an inmate is eligible for early release does not mean that the BOP *must* grant the inmate early release. The statute only provides that "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons . . . ." 18 U.S.C. § 3621(e)(2)(B) (emphasis added); *see also Lopez*, 531 U.S. at 241 ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, *but not the duty*, both to

---

a result of the inmate's robbery conviction. *Id.* at 602–03. Because the petitioner was not eligible for early release under either version of the BOP's Program Statement, the Fifth Circuit concluded that the Ex Post Facto clause did not apply. *Id.* at 602–04.

[4] In his submissions to the Court, Piccolo does not address the fact that he declined to participate in RDAP and consequently, had to re-apply to participate in the program. This factor is particularly significant in Piccolo's case because his latter application occurred after the effective date of the 2009 BOP rules.

alter the prisoner's conditions of confinement and to reduce his term of imprisonment.") (emphasis added). A number of district courts have concluded that inmates do not have a "settled expectation" for early release where the BOP mistakenly informs the inmate of his or her eligibility. *See Lopez v. Fisher*, No. 10–3928, 2011 WL 3438861 at *6 (D. Minn. July 18, 2011), *adopted*, 2011 WL 3438720 (D. Minn. Aug. 5, 2011) (providing a list of cases holding that an inmate has no settled expectations to early release where the BOP erroneously informed the prisoner of his eligibility). In this case, the BOP attorney and BOP staff in Arizona mistakenly told Piccolo he was eligible for early release consideration. However, because Piccolo is not entitled to early release, he cannot have a "settled expectation" for early release. *See also Richardson v. Joslin*, 501 F.3d 415, 420 (5th Cir. 2007) (finding that inmates are "not entitled to [sentence] reduction, because Congress has granted the BOP broad discretion in determining whether to reduce the sentence of a prisoner who has successfully completed an RDAP").

**C. Whether Piccolo's equal protection rights were violated**

Finally, Piccolo asserts that his equal protection rights are being violated because the decision by FCI-Bastrop to deny him early release "is not applied evenly across the entire United States." Dkt. No. 1 at 3. He appears to believe that he would have been eligible for early release had he not been transferred out of a facility in the Ninth Circuit. In order for Piccolo "[t]o establish an equal protection claim, [he] must show that two or more classifications of similarly situated persons were treated differently." *Gallegos-Hernandez v. United States*, 688 F.3d 190, 195 (5th Cir. 2012). Here, this means that Piccolo must demonstrate that a similarly-situated inmate housed in a facility in the Ninth Circuit would be eligible for early release under the BOP's 2009 rules. Piccolo has not—and cannot—show such differing treatment.

The case law governing inmates' eligibility for early release consideration in the Ninth Circuit has already been detailed above. *See* Part III.A. Inmates who apply for RDAP *after* March 16, 2009, are not eligible for early release consideration if their felony convictions involve the carrying, possession, or use of firearms. *Yandell*, 2012 WL 1253102 at *2. Fifth Circuit precedent establishes that the BOP may categorically exclude from consideration for early release inmates whose current felony convictions involve the carrying, possession, or use of firearms. *See, e.g.*, *Handley*, 587 F.3d at 276–77; *Venegas v. Henman*, 126 F.3d 760, 761–62 (5th Cir. 1997). In fact, the Fifth Circuit has explicitly rejected the Ninth Circuit's *Arrington* decision, concluding that "public safety was the contemporaneous rationale for the BOP's categorical exclusion." *Handley*, 587 F.3d at 282. Thus, regardless of when an inmate applies for RDAP, he would not be eligible for early release consideration in the Fifth Circuit.

Here, contrary to Piccolo's belief, he would have been denied early release even had he remained in the Ninth Circuit because Piccolo's 2008 RDAP application was invalidated when he declined to participate in RDAP in January, 2011. Phillips Decl. ¶ 23. Consequently, in order to participate in RDAP, Piccolo had to re-apply, which he did in 2011. *Id.* ¶ 13. As noted above, in both the Fifth and Ninth Circuits, inmates who filed their application to participate in RDAP *after* March 16, 2009, are ineligible for early release if their current offense is a felony conviction involving the carrying, possession, or use of a firearm. *See Handley*, 587 F.3d at 282; *Yandell*, 2012 WL 1253102 at *2. Therefore, Piccolo would have been ineligible for early release consideration even had he remained in the Ninth Circuit because his re-application date was *after* March 16, 2009, the effective date of the BOP's new early release rule. As such, Piccolo is unable to demonstrate that similarly situated prisoners are being treated differently in the Fifth and Ninth Circuits with regard

to consideration for early release. The BOP properly found Piccolo ineligible for early release consideration based on his 2011 re-application for RDAP.

Even if Piccolo had demonstrated that similarly situated prisoners were being treated differently in the Fifth and Ninth Circuits, he would still be unable to show a violation of his equal protection rights. In evaluating Piccolo's equal protection claims, "[s]trict scrutiny is appropriate only where a government classification implicates a suspect class or a fundamental right." *Wottlin v. Fleming*, 136 F.3d 1032, 1036 (5th Cir. 1998) (citing *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985)). "Otherwise, rational-basis review applies and [the] court need only determine whether the classification is rationally related to a legitimate government interest." *Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir. 1998) (per curiam). In considering this issue, the Fifth Circuit has previously explained:

> A classification that categorizes inmates based on the type of criminal offenses for which they have been convicted does not implicate a suspect class. A 'fundamental right,' for purposes of equal protection analysis, is one that is 'among the rights and liberties protected by the Constitution.' A convicted prisoner does not have a constitutional right to be released before the expiration of a valid sentence.

*Wottlin*, 136 F.3d at 1036–37 (considering a BOP regulation which denied early release to inmates convicted of homicide, forcible rape, robbery, or aggravated assault) (internal citations omitted). Therefore, Piccolo does not have a constitutional right to be considered for early release because such prisoners do not constitute a suspect class. Rational-basis review is therefore the appropriate standard, and Piccolo may prevail only by negating "any reasonably conceivable state of facts that could provide a rational basis for the classification" made by the BOP's categorical exclusion policy. *Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 367 (2001) (internal citation and quotation marks omitted). He has not carried this burden and is not entitled to relief.

As to Piccolo's complaint that he was not consulted as to the location of his transfer facility, his argument also must fail. A prisoner does not have a constitutional right to be placed in the penal facility of his choice. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) ("Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State."); *see also Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996) ("A prisoner has no constitutionally protected interest in a particular facility."). Furthermore, the BOP is authorized to designate any available correction facility to house a prisoner, whether maintained by the federal government or otherwise and whether the facility is within or outside the judicial district in which the person was convicted. *See* 18 U.S.C. § 3621(b). Thus, to the extent Piccolo seeks relief for his transfer to FCI-Bastrop based on a constitutional violation, such relief should be denied.

## III. RECOMMENDATION

In light of the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **DISMISS with prejudice** Petitioner John Frank Piccolo III's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1).

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of June, 2013.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE